IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMEEKA HARVEY,<br><br>        Plaintiff,<br><br>v.<br><br>TJM ATLANTIC CITY MANAGEMENT, LLC,<br><br>        Defendant. | HONORABLE RENEE MARIE BUMB<br><br>Civil Action<br>No. 18-14648 (RMB/KMW)<br><br>**MEMORANDUM OPINION** |

APPEARANCES:

Manali Shah Arora, Esq.
SWARTZ SWIDLER LLC
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
    Attorney for Plaintiff

I. Michael Kessel, Esq.
Sabrina S. Worthy, Esq.
LITTLER MEDELSON, P.C.
One Newark Center, 8th Floor
Newark, NJ 07102
    Attorneys for Defendant

**BUMB, District Judge:**

This matter is before the Court on Defendant TJM Atlantic City Management LLC's motion to dismiss Count Six of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Docket Item 8.] Because the Court finds it lacks subject matter jurisdiction over this claim, the motion to dismiss will be granted pursuant to Fed. R. Civ. P. 12(b)(1). The Court finds as follows:

Defendant TJM Atlantic City Management LLC ("Defendant") is a corporation that owns and operates a hotel in Atlantic City, New

Jersey. (Compl. [Docket Item 1], ¶ 8.) Plaintiff Shameeka Harvey ("Plaintiff") is a former Assistant Manager for Defendant. (Id. at ¶ 12.)

On October 4, 2018, Plaintiff filed a Complaint in the U.S. District Court for the District of New Jersey generally alleging that Defendant wrongfully terminated her in violation of the Family and Medical Leave Act ("FMLA"), the New Jersey Law Against Discrimination ("NJLAD"), and the New Jersey Common Law. [Docket Item 1.] As relevant here, Plaintiff claims that Defendant retaliated against her by "firing her due to her failure to follow Defendant's unlawful directive" to "discourage employees from engaging in efforts to unionize." (Compl. at ¶¶ 1, 29.) Thus, in Count Six, Plaintiff alleges an "unlawful retaliatory discharge" claim under Pierce v. Ortho Pharma. Corp., 84 N.J. 58 (1980).

On February 19, 2019, Defendant filed the instant motion to dismiss. [Docket Item 8.] In its motion, Defendant argues that Count Six of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) because the National Labor Relations Board (hereinafter "NLRB") has exclusive jurisdiction over the allegations in Count Six under the National Labor Relations Act (hereinafter "NLRA") (Def.'s Br. at 2), and that the claim is time-barred under the NLRA. (Id. at 5.) Plaintiff timely filed opposition [Docket Item 9], and Defendant filed a reply brief in support of the motion to dismiss. [Docket Item 12.]

2

Defendants move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). An attack on subject matter jurisdiction can be either facial – based solely on the allegations in the complaint – or factual – looking beyond the allegations to attack jurisdiction in fact. <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). Where the challenge to subject matter jurisdiction is facial, the Court must take all the allegations in the complaint to be true and construe them in the light most favorable to the plaintiff. <u>Id.</u> However, when the Rule 12(b)(1) motion is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Id.</u> Further, a Court may "review evidence outside the pleadings" in determining whether subject matter jurisdiction exists when a factual attack to a pleading is made. See <u>U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.</u>, 473 F.3d 506, 514 (3d Cir. 2007) (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Fleisher v. Standard Ins. Co.</u>, 679 F.3d 116, 120 (3d Cir. 2012) (internal citations omitted).

3

Defendant primarily argues that Count Six of the Complaint must be dismissed because Plaintiff's unlawful retaliatory discharge claim falls within the exclusive jurisdiction of the NLRB pursuant to the NLRA. (Def.'s Br. at 2.)

Section 8 of the NLRA, defining unfair labor practices by employers, prohibits "discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158(a)(3). The U.S. Supreme Court has held that "[w]hen an activity is arguably subject to [Section] 7 or 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959). As the Supreme Court explained, the administration of the Act requires "these determinations [to] be left in the first instance to the [NLRB]." Id. at 244-245.

In Count Six, Plaintiff alleges unlawful retaliatory discharge and claims that Defendant terminated Plaintiff's employment because she "refused Defendant's unlawful directive to dissuade employees from unionizing." (Compl. at ¶ 53.) Plaintiff also avers in the Complaint that she "reasonably believed that Defendant's directive to dissuade employees from engaging in unionization efforts constituted interference of employee rights as guaranteed by the [NLRA]." (Id. at ¶ 33.) These allegations appear to fall squarely within what is prohibited by 29 U.S.C. § 158(a)(3), that is

4

"discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization."

Plaintiff argues that the unlawful conduct asserted is outside the scope of the NLRA. (Pl.'s Reply at 3.) As the Supreme Court explained in Garmon, "due regard for the presuppositions of our embracing federal system" demands that States not be precluded from the "power to regulate where the activity regulated [is] a merely peripheral concern of the [NLRB]." 359 U.S. at 243. In other words, "where the State has a substantial interest in regulation of the conduct at issue and the State's interest is one that does not threaten undue interference with the federal regulatory scheme," the preemption of state and federal jurisdiction is unwarranted. Farmer v. United Bhd. Of Carpenters & Joiners of Am., Local 25, 430 U.S. 290, 302 (1977). In Farmer, the Court held that the NLRB did not have exclusive jurisdiction over the conduct alleged in that case (i.e., outrageous conduct, threats, and intimidation) because "no provision of the [NLRA] protects the [conduct] complained of [in the complaint]." Id. Therefore, the "potential for undue interference with federal regulation" was insufficient. Id. at 305-306.

Here, unlike in Farmer, the conduct alleged is explicitly among the conduct prohibited by the NLRA. See 29 U.S.C. § 158(a)(3). Accordingly, the Court finds that Plaintiff's claim is not "a merely peripheral concern of the [Act]." Garmon, 359 U.S. at 243. It can at

5

least "fairly be assumed" that, regardless of the label Plaintiff affixed to Count Six (i.e., unlawful retaliatory discharge under New Jersey Common Law), the retaliation alleged in that Count "constitute[s] an unfair labor practice under [Section] 8." Id. at 244; see also Radai v. First Transit, 477 F. App'x 870, 871 (3d Cir. 2012) (holding a claim to be preempted under Garmon despite the claimant "attempt[ing] to recast the employer's alleged anti-union activity in terms of contract law"). Hence, this matter must be left to NLRB. Accordingly, the Court will yield to its jurisdiction.

Plaintiff also argues that the NLRA does not apply to her claim because she had been employed as a supervisor as defined by the Act. (Pl.'s Reply at 3.) To be sure, the protections of the NLRA do not extend to "any individual employed as a supervisor." 29 U.S.C. § 152(3). However, an exception may be made when the supervisor's "discharge had a tendency to interfere with, restrain or coerce the protected employees in the exercise of their [S]ection 7 rights." Russell Stover Candies, Inc. v. NLRB, 551 F.2d 204, 206 (8th Cir. 1977). In other words, a supervisor may seek relief under the NLRA when "a supervisor is disciplined for refusing to commit an unfair labor practice." Automobile Salesmen's Union Local 1095 v. NLRB, 711 F.2d 383, 386 (D.C. Cir. 1983); see also Parker-Robb Chevrolet, 262 NLRB 402, 404 (1982) (explaining that "there is no violation if a supervisory discharge is motivated by disloyalty, but a supervisor's

6

discharge is found to be unlawful if it is motivated by a desire to thwart organizational activity among employees").

Here, the alleged motivation for terminating Plaintiff's employment would interfere with employees' ability to exercise their Section 7 rights. In her Complaint, Plaintiff contends that Defendant "directed managers to threate[n] employees [that] they would 'lose their benefits,' should they engage in efforts to unionize." (Compl. at ¶ 30.) This clearly constitutes an unfair labor practice and infringes on employees' "right to self-organization." 29 U.S.C. § 157. Count Six alleges that Plaintiff was terminated for objecting to this violation. (Compl. at ¶ 91.) Therefore, Plaintiff's supervisory role does not preclude her from relief under the NLRA, keeping the matter within the Board's jurisdiction.

Finally, the Court notes that Defendant additionally argues that Plaintiff's retaliatory discharge claim must be dismissed because it is time-barred under the NLRA. (Def.'s Br. at 5.) However, the Court declines to address this argument because it lacks jurisdiction for the reasons described above.

For these reasons, the Court will grant Defendant's motion to dismiss Count Six of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1). The accompanying Order will be entered.

July 31, 2019       s/Renée Marie Bumb
Date      RENEE MARIE BUMB
     U.S. District Judge